[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S OBJECTION TO DEFENDANT'S INTERROGATORY NO. 83 AND REQUEST TO PRODUCE NOS. 3 AND 5(b)
The plaintiff has brought a class action in which she claims that she and members of her class suffered injuries as a result of being exposed to hazardous conditions, such as particulate matter, vapors and fumes in the air, present at the building in which the plaintiff worked, which building was owned by Capitol West Associates. The defects in the building alleged by the plaintiff are colloquially referred to as "sick building syndrome."
The plaintiff has claimed that the sick building syndrome caused her to suffer various injuries including an addiction to prescription drugs. She also claims that numerous other people who are members of her class suffered injuries similar to those suffered by her, and that her claims are typical of the claims of other members of the class.
In Interrogatory Number 83 Capitol West Associates asked the plaintiff whether she was ever voluntarily or involuntarily committed. Requests for Production Nos. 3 and 5(b) seek disclosure of records relating to the plaintiff's prior psychiatric and psychological treatment.
The plaintiff argues that written communications between a patient and her psychologist or psychiatrist are privileged under sections 52-146c and 52-146d of the Connecticut General Statutes. Such communications may be disclosed in a civil proceeding under 52-146f(5) and 52-146c(2) only if, 1) the patient introduces his mental condition as an element of his CT Page 11699 claim or defense, and 2) the court finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between the patient and psychiatrist (52-146f(5)) or the psychologist (52-146c(4)) be protected.
The defendant Capitol West Associates claims that the psychiatric and psychological records of the plaintiff are highly relevant and discoverable because, 1) the plaintiff has placed her mental condition in issue by her claims that the "sick building syndrome" caused her to suffer prescription drug addiction and she has claimed special damages for her psychological and drug counseling, 2) the defendant will offer evidence that injuries claimed to result from "sick building syndrome" often have a psychosomatic origin or component and plaintiff's symptoms were caused by her mental condition rather than by the condition of the building, and 3) the records are relevant to the plaintiff's credibility.
The first and second grounds set forth above provide sufficient basis for the court to order the plaintiff to answer Interrogatory No. 83. That interrogatory can be answered without impinging upon the psychiatrist patient or psychologist patient privilege.
Under sections 2-146f(5) and 52-146c(2), neither the relevance of the defendant's defenses, nor to the plaintiff's credibility are sufficient bases upon which the court can order disclosure of the plaintiff's records. However, the plaintiff has placed her mental condition at issue in the suit in that she claims an addiction to prescription drugs and seeks to recover for psychological and drug counseling. The court finds that the interests of justice favor disclosure of the plaintiff's records over the preservation of the psychiatrist patient and psychologist patient relationship. The plaintiff claims that her claims are representative of those of a numerous class. In addition, as the plaintiff in this action she chose to put herself in a position where her mental and physical condition would be subjected to rigorous scrutiny.
The plaintiff is ordered to respond to Interrogatory No. 83 and disclose records sought in Production Requests Nos. 3 and 5(b) within three weeks of the date her counsel receives notice of this order. This court will expeditiously consider any proposed protective order submitted by the plaintiff, if the CT Page 11700 parties are unable to agree on a protective order, which will limit the dissemination and use of said records by the defendant.
By the Court
Aurigemma, J.